**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-50776
Summary Calendar

MARGIE MITCHELL,

Plaintiff-Appellant,

VERSUS

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas
(A-94-CV-827)

May 25, 1998

Before WISDOM, DUHÉ, AND BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Margie Mitchell applied for Supplemental Security Income on November 11, 1992, alleging that she had been disabled since 1991 because of arthritis, internal bleeding, "female problems," and assorted psychological impairments. An Administrative Law Judge (ALJ) found that Mitchell was not disabled within the meaning of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Social Security Act. The Appeals Council denied Mitchell's request for review, and the ALJ's decision became the final decision of the Commissioner. Mitchell then filed suit in the district court seeking review of the Commissioner's decision. Both the magistrate judge and the district court found that the Commissioner's decision was supported by substantial evidence. Mitchell timely filed notice of appeal. We affirm.

We will affirm an ALJ's findings if they are supported by substantial evidence.[2] We will not reweigh the evidence or review the issues de novo, as "conflicts in the evidence are for the [Commissioner] to resolve."[3]

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[4] In the case at bar, the ALJ determined that Mitchell was not disabled because she remained capable of performing a full range of light work. The ALJ specifically determined that even though Mitchell suffered from arthritic pain, the record showed that the medication controlled the pain to the extent that she could perform the

---

[2] *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).

[3] Id.

[4] 42 U.S.C. § 423(d)(1)(A).

2

walking, sitting, lifting and carrying associated with light work. Finally, the ALJ determined that Mitchell's alleged psychological problems were not so severe as to qualify as a listed impairment.

The ALJ's findings are supported by substantial evidence. The medical evidence in the record supports a finding that Mitchell did not suffer from limitations on her ability to perform light work. We further note that "the evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ, who has had an opportunity to observe whether the person seems to be disabled."[5] The ALJ ably handled this task, and we shall not disturb the decision.[6]

AFFIRMED.

---

[5] *Harrell v. Bowen*, 862 F.2d 471, 480 (5th Cir. 1988).

[6] In its opinion, the district court noted that Mitchell, having reached the age of 50 as of February 22, 1997, might be eligible for disability benefits, assuming her work-related limitations had not changed. This issue was not raised during the administrative process, however. As such, we do not have jurisdiction over Mitchell's claim that the district court's statement entitles her to relief. See *Paul v. Shalala*, 29 F.3d 209, 210 (5th Cir. 1994).